UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES A. VARAS,

    Plaintiff,

v.                              CASE No.  8:05-CV-1290-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, it shall be affirmed.

I.

The plaintiff, who was twenty-five years old at the time of the administrative hearing and who has almost three years of a college education, has no significant work experience (Tr. 72, 324, 339). He filed a claim for

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

supplemental security income payments, alleging that he became disabled due to diabetes, social anxiety, bipolar disorder, diabetic retinopathy, and high blood pressure (Tr. 85).[2] The claim was denied initially and upon reconsideration.

      The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffers from severe impairments, including anxiety and depression (Tr. 18).[3] He concluded that these impairments restricted the plaintiff to "simple[,] repetitive mental tasks in a low-stress environment with minimal contact with the general public" (Tr. 20). Based upon the testimony of a vocational expert, the law judge concluded that there was work in the national economy that the plaintiff, despite his impairments, could perform, such as a linen-room attendant, sandwich maker, kitchen helper, inserting-machine operator and silverware wrapper (Tr. 21, 345-46). Accordingly, the law judge determined

---

[2] During the administrative hearing, the plaintiff amended his disability onset date to May 22, 2001, the date of his application for benefits (Tr. 324).

[3] The law judge also noted a history of insulin-dependent diabetes, lymphadenopathy with satisfactory excision and diabetic retinopathy with macular edema requiring laser surgery (Tr. 17-18).

that the plaintiff was not disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff suffers primarily from mental impairments of anxiety and depression, and a physical impairment of diabetes. The law judge found that the plaintiff's mental impairments significantly limited his ability to work, but did not render him disabled. The law judge also found that the

plaintiff's diabetes was controlled by medication and thus did not significantly limit his ability to work. The plaintiff challenges these conclusions on three grounds. However, none of them warrants reversal.

First, the plaintiff argues that the law judge "erred by rejecting the findings of Dr. Lupo and Dr. Webb and the findings and opinion of Dr. Patel, claimant's treating psychiatrist" (Doc. 21, p. 8). In this regard, the plaintiff focuses on the law judge's rejection of Dr. Shodhan A. Patel's opinions (see id. at pp. 9-11).[4]

Dr. Patel opined in a letter dated January 21, 2003, that the plaintiff suffers from an anxiety disorder and "is medically disabled and unable to work in any capacity" (Tr. 312). Additionally, Dr. Patel opined in a Medical Source Statement dated April 21, 2003, that, due to significant psychological limitations, the plaintiff has a poor ability to follow work rules, socially interact, and deal with work stress, and only a fair-to-poor capability for understanding, remembering and carrying out simple instructions (Tr. 313-

---

[4]Dr. Patel is the only treating physician who opines as to the plaintiff's functional work limitations during the period of disability. Dr. Joseph F. Lupo's sparse records pertain to treatment in 1999, prior to the disability onset date (Tr. 161-66). See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999). Although Dr. Gilson Webb's opinions (Tr. 98-99) are from the pertinent time period, they do not include a work assessment.

16).[5]  Thus, the plaintiff argues that, based on his treating physician's assessment, the law judge should have found that he is unable to work.

It is well-established that the opinions of a treating physician are entitled to substantial or considerable weight unless good cause is shown to the contrary. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinions are not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Id. at 1241. Initially, it is noted that Dr. Patel's letter of January 21, 2003, was conclusory in nature. That, by itself, is enough to justify discounting the opinion stated in that letter.

In any event, the law judge rejected Dr. Patel's opinions because his records were "self-conflictive," and there was a lack of evidence to reconcile the contradictions (Tr. 19). Additionally, the law judge found that Dr. Patel's opinions were inconsistent with the plaintiff's successful completion of a college associate of arts degree and his continued education at the university level to obtain a bachelor of arts degree in communications,

---

[5] According to the Medical Source Statement, a finding of "poor" indicates that the individual has "[n]o useful ability to function in this area" (Tr. 313).

for which he was just three credits short of being a senior (Tr. 19-20; see Tr. 339-40). These reasons constitute good cause for rejecting Dr. Patel's opinions. See Phillips v. Barnhart, supra.

The plaintiff argues in his memorandum that "there is absolutely no substantial evidence in the record to support the [law judge's] conclusion that Dr. Patel's findings were self-conflictive..." (Doc. 21, p. 9). This contention is incorrect. Thus, as the law judge points out, Dr. Patel's letter of January 21, 2003, which opines that the plaintiff "is medically disabled and unable to work in any capacity," is contradicted by Dr. Patel's progress note two weeks earlier, which states that the plaintiff was coping well and that the medications were helping (Tr. 18; see also Tr. 312, 320). Further, as the law judge noted, Dr. Patel found on November 27, 2002, that the plaintiff suffers from mild anxiety and has a GAF of 65+ (Tr. 18, 19; see also Tr. 317, 318), and these findings are inconsistent with Dr. Patel's disability letter and Medical Source Statement. Significantly, a GAF rating of 65 is the midpoint of the range of "[s]ome mild symptoms ... OR some difficulty in social, occupational, or school functioning ..., but generally functioning pretty well,

has some meaningful interpersonal relationships." <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th ed.), p. 32.

Plaintiff's counsel attempts to reconcile these contradictory opinions by arguing that, when Dr. Patel diagnosed him with mild anxiety, the plaintiff could have been "having a good day" or Dr. Patel had not yet "see[n] him] frequently enough to gauge the severity of [his] condition" (Doc. 21, p. 10). However, this is gross speculation, and the law judge certainly was not obligated to engage in such speculation. Rather, the law judge could reasonably accept the diagnostic impression of mild anxiety and a GAF of 65+ and conclude from the absence of any substantial set-backs reflected in the treatment notes that the plaintiff's condition did not change substantially. Such a conclusion is supported by comments from Dr. Patel on November 27, 2002, of "[d]oing OK with meds" (Tr. 317), and on January 8, 2003, of "meds helping" (Tr. 320).[6]

Moreover, the law judge rejected Dr. Patel's opinions not only based on his conflicting records, but also because the plaintiff's successful

---

[6]In this connection, it is noted that the record reflects a total of four visits with Dr. Patel and includes only four pages of progress notes, two of which relate to the first visit (Tr. 317-20).

completion of his associate of arts degree at Hillsborough Community College and his continued education towards his bachelor's degree in communications at the University of South Florida were activities inconsistent with debilitating mental impairments (Tr. 19). See Phillips v. Barnhart, supra, 357 F.3d at 1241 & n.9; Magill v. Commissioner of Social Security, 2005 WL 2076916 at *2 (11th Cir. 2005) (unpub. dec.). In this connection, the law judge stated that, during the plaintiff's college pursuits, "he has demonstrated a significant ability to interact with other students, to accept the demands and criticism of a superior such as a teacher, to deal with the pressure of course assignments and examinations and to attend and concentrate in classroom lectures as well as during homework" (Tr. 19).

The plaintiff argues that these findings are inaccurate because it took him more than three years to complete his associate of arts degree (Doc. 21, pp. 10, 11). However, the law judge could reasonably conclude that, contrary to Dr. Patel's assessment, the plaintiff has demonstrated these capabilities, notwithstanding the length of time it took him to achieve the college degree. Notably, the law judge did not find that the plaintiff's college

work demonstrates that he is without functional limitations, but only that they are not as extreme as opined by Dr. Patel.[7]

In sum, the law judge did not err in discounting Dr. Patel's opinions regarding the severity of the plaintiff's functional limitations because substantial evidence indicates that they are inconsistent with the physician's own progress notes and with the plaintiff's college achievements. Moreover, the law judge's findings are supported by the opinions of two non-examining reviewing psychologists (Tr. 258-74, 290-306). The law judge stated in his decision that he found persuasive the opinions of the reviewing psychologists that the plaintiff had mental impairments that caused mild-to-moderate functional limitations (Tr. 18, 19).

The plaintiff contends that the law judge improperly relied upon the opinions of the non-examining psychologists (Doc. 21, p. 12). In this

---

[7]The plaintiff seeks to support Dr. Patel's opinions by noting that Dr. Patel completed for the plaintiff an application for a disabled parking permit (Doc. 21, p. 11; Tr. 309). Dr. Patel, however, did not indicate that the plaintiff had one of the physical limitations printed on the form, but rather added a new category of "[a]nxiety disorder and other psychiatric symptoms with phobias (of parking far away from his designated use building)" (Tr. 309). This can reasonably be viewed as an unjustified authorization that could deny a physically disabled individual one of the limited parking spaces that he or she needs. Consequently, Dr. Patel's execution of the application provides a further indication that he is willing to make extravagant statements on the plaintiff's behalf, thereby confirming that Dr. Patel's opinions are appropriately discounted.

connection, the plaintiff iterates the well-established rules that reports of reviewing non-examining physicians do not, in themselves, constitute substantial evidence upon which to base an administrative decision and that the treating physician's opinion may not be disregarded simply on the basis of a report of a non-examining physician (Doc. 21, p. 12). See Lamb v. Bowen, supra, 847 F.2d at 703.

However, the law judge's decision in this case does not violate either of these principles. Thus, the law judge stated good cause to reject Dr. Patel's opinions, and those reasons were unrelated to the reports of the non-examining physicians. Further, it is permissible for a law judge to give greater weight to the reports of non-examining physicians and psychologists where, as here, those opinions are supported by the record and the opinion of the treating physician is discredited. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986); Magill v. Commissioner of Social Security, supra, 2005 WL 2076916 at *2; Ogranaja v. Commissioner of Social Security, 2006 WL 1526062 at *2-*3 (11th Cir. 2006) (unpub. dec.); Osborn v. Barnhart, 2006 WL 2447683 at *13 (11th Cir. 2006) (unpub. dec.); see also 20 C.F.R. 416.927(f)(2)(*i*) ("psychological consultants ... are highly qualified ...

psychologists who are also experts in Social Security disability evaluation"). Therefore, under the circumstances of this case, the law judge did not err in giving weight to the opinions of the non-examining psychologists.

The plaintiff seeks to support his claim of a disabling mental impairment by reference to other psychiatrists, Drs. Gilson Webb and Joseph F. Lupo. The plaintiff points to a statement by Dr. Webb based upon a visit on June 26, 2001, that the plaintiff "is extremely anxious in any situation where he is around more than one person" (Tr. 99). This opinion is contradicted by, as the law judge commented at the hearing (Tr. 356-57), the plaintiff's college attendance. Moreover, on October 25, 2001, the plaintiff told Dr. Webb he had an "Internship at [a] recording studio" (Tr. 284). As the Commissioner explains in more detail (Doc. 22, pp. 9-10), Dr. Webb's notes do not establish a totally disabling mental impairment.

Similarly, Dr. Lupo's records do not support a claim of a totally disabling mental impairment. In the first place, Dr. Lupo last saw the plaintiff almost two years before the plaintiff's alleged disability onset date and, thus, his records have, at best, reduced relevance. Further, Dr. Lupo's note that, due to high levels of depression and anxiety, the plaintiff should be limited to

-12-

a course load of nine credit hours, does not show a totally disabling impairment, but rather, as the law judge found, one that is somewhat limiting. Also, Dr. Lupo's notes refute the assertion of extreme social withdrawal since they reflect that, at age seventeen years, eleven months, the plaintiff was sexually active and was a regular user of marijuana (Tr. 165).[8]

Accordingly, the Commissioner argues that the records of Drs. Webb and Lupo support the law judge's rejection of Dr. Patel's opinion of total disability (Doc. 22, p. 8). While that argument has some force, even if it is not entirely so, those records do not meaningfully corroborate the plaintiff's claim of a totally disabling mental impairment.

The plaintiff contends next that the hypothetical presented to the vocational expert failed to reflect all of the plaintiff's impairments (Doc. 21, pp. 13-14). This argument overlaps to a great extent with the plaintiff's final contention that the law judge failed to evaluate properly his subjective complaints (id. at pp. 14-16). Thus, the purported impairments that were omitted from the hypothetical question were based on the plaintiff's subjective complaints, which the law judge did not find totally credible.

---

[8]The plaintiff told Dr. Webb that he tended to get depressed when he used marijuana daily (Tr. 289).

It is well-established that, "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

The plaintiff argues that the law judge's hypothetical question completely ignores the plaintiff's "uncontrolled diabetes and vision problems related thereto" (Doc. 21, p. 14). In this connection, the plaintiff testified at the hearing that, as a result of sugar level fluctuations caused by diabetes, he suffers from panic attacks, mood swings, heat spells, and seizures (Tr. 328, 331-32, 342).

It is clear that "[s]ubjective complaints are insufficient to establish a disability." Ogranaja v. Commissioner of Social Security, supra, 2006 WL 1526062 at *1; 20 C.F.R. 416.929(a). Rather, a plaintiff seeking to establish a disability based on subjective complaints must show evidence of an underlying medical condition; and either (a) objective medical evidence

-14-

confirming the severity of the alleged symptoms; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptoms. See Wilson v. Barnhart, supra, 284 F.3d at 1225.

In this case, the law judge found that the medical evidence failed to substantiate the plaintiff's subjective complaints of diabetes-related complications (Tr. 19, 21). Thus, the law judge explained (Tr. 19):

> The claimant alleges a disability partially because of diabetes and diabetic neuropathy. The objective medical evidence shows, however, that his sugar level is under control with medication when he is compliant with prescribed treatment. There is no evidence of significant end-organ damage and no serious complications possibly related to neuropathy or retinopathy are shown despite subjective complaints of visual difficulties.... Moreover, it was the opinion of State Agency doctors that the claimant's diabetes did not affect function and thus that it was not severe. The undersigned adopts this opinion and notes that there are no opinions to the contrary in the record.

The law judge emphasized during the administrative hearing the lack of medical evidence supporting the complaints of diabetes-related complications (Tr. 351-52). The plaintiff's attorney said (Tr. 358-59):

> I will try, since he's had diabetes for so long, to get his treating physical doctor to at least write a letter saying that the symptoms he's described are

>certainly symptoms that are typical with an individual that has had diabetes at this level and for this long. So, that it would at least give you, you know, a doctor's opinion that, yes, you know, these symptoms are typical with a person with diabetes of this nature.

The law judge, as a result, invited a submission from the treating doctor (Tr. 362). The plaintiff, however, failed to provide any evidence from the physician that was treating his diabetes.

In sum, the law judge properly rejected the plaintiff's subjective complaints of diabetes complications because there was a lack of substantiating medical evidence. See Wilson v. Barnhart, supra. Furthermore, because these complaints were properly rejected, the law judge was not required to include those impairments in the hypothetical to the vocational expert. Crawford v. Commissioner of Social Security, supra.[9]

The plaintiff seems to challenge the law judge's finding that the plaintiff can perform work at the heavy exertional level. Since the plaintiff has not established a physical impairment that is functional limiting, and

---

[9] The plaintiff on this point mentioned vision problems related to diabetes (Doc. 21, p. 14). The law judge, however, stated, "[t]he claimant alleged having 'no particular eye problems' during an eye examination in April 2001 (Ex. 6F) and visual acuity readings in October 2001 revealed no significant diabetic-related compromise (Ex. 10F)" (Tr. 18). The plaintiff has made no attempt to challenge these statements.

-16-

there is no medical opinion evidence of an exertional limitation, the law judge could reasonably conclude that the plaintiff's ability to perform heavy work was not precluded.

In any event, any error on that issue would clearly be harmless. See Williams v. Barnhart, 2005 WL 1943186 at *4 (11th Cir. 2005) (unpub. dec.). Thus, the only jobs identified by the vocational expert, and found by the law judge, that the plaintiff could perform were at the medium and light exertional level (Tr. 21, 345-46). There is nothing in the record that indicates that the plaintiff did not have the physical capabilities to perform at that exertional level.

The plaintiff also complains that the law judge's hypothetical "minimizes the severity of claimant's memory problems, his ability to concentrate and stay on task, his ability to interact with the public and his propensity to have frequent panic attacks" (Doc. 21, p. 14). The plaintiff testified at the hearing to experiencing such problems (Tr. 327-33). However, as indicated, the law judge did not find the plaintiff's testimony fully credible (Tr. 21). The law judge reasonably justified this credibility determination by pointing to the plaintiff's college experience which "demonstrated a

significant ability to interact with other students, to accept the demands and criticism of a superior such as a teacher, to deal with the pressure of course assignments and examinations and to attend and concentrate in classroom lectures as well as during homework" (Tr. 19). The plaintiff's activities, of course, are appropriate considerations in determining the credibility of subjective complaints. 20 C.F.R. 416.929(a).

The plaintiff argues further that the law judge's rejection of these subjective complaints was error because the plaintiff's testimony was consistent with the diagnoses of Drs. Patel, Lupo and Webb (Doc. 21, p. 15). However, as already discussed, this contention is not entirely accurate, but, in all events, the law judge reasonably discounted those opinions to the extent they asserted that the plaintiff was totally disabled.

In sum, the record contains substantial evidence supporting the law judge's finding that the plaintiff's mental impairments are not as limiting as he claims. Therefore, the law judge was not required to include the alleged limitations in the hypothetical question. Crawford v. Commissioner of Social Security, supra.

Finally, in connection with the challenge to the law judge's credibility determination, the plaintiff argues, unpersuasively, that the law judge engaged in "sit and squirm" jurisprudence (Doc. 21, pp. 16-17). This contention relates to a comment made by the law judge during the administrative hearing. Thus, in response to plaintiff's counsel's argument that the plaintiff could not be around more than one person at a time (Tr. 356), the law judge expressed skepticism and commented that the plaintiff was in the presence of several people at the hearing without any problem (Tr. 357). The plaintiff contends that this comment constitutes "sit and squirm" jurisprudence.

This argument is meritless because the law judge did not even mention in his decision the plaintiff's behavior at the hearing, much less articulate it as a factor supporting the decision. However, if he had, it would not constitute error. A law judge "is not prohibited from considering the claimant's appearance and demeanor during the hearing." Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Consequently, the law judge could reasonably conclude that the argument that the plaintiff "cannot work around

-19-

even more than one person at a time" (Tr. 356) was refuted by the plaintiff's demeanor at the hearing, where five people were present (Tr. 357).

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. The decision of the Commissioner is hereby **AFFIRMED**, and the Clerk shall enter judgment accordingly and close this case. Each party shall bear its own costs.

DONE and ORDERED at Tampa, Florida, this 21st day of September, 2006.

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE